**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 17 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

MARGARITO QUINTERO-
MALDONADO, AKA Margarito Quintero,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No.    16-70750

Agency No. A043-781-135

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2025[**]
Pasadena, California

Before:  BEA, BADE, and LEE, Circuit Judges.

Margarito Quintero Maldonado ("Quintero Maldonado"), a native and citizen of Mexico, seeks review of a decision from the Board of Immigration Appeals ("BIA") dismissing his appeal of an immigration judge's ("IJ") finding that he is removable and ineligible for cancellation of removal.  We dismiss the petition.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

This court lacks jurisdiction to review the Department of Homeland Security's ("DHS") decision to initiate the 2012 proceeding against Quintero Maldonado. To start, U.S. courts lack jurisdiction to consider "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under [the Immigration and Nationality Act]." 8 U.S.C. § 1252(g). This provision is meant to shield from judicial review the DHS's exercise of discretion in determining which cases to prosecute. *See Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 485 & n.9 (1999); *Barahona-Gomez v. Reno*, 236 F.3d 1115, 1119 (9th Cir. 2001). We have held that § 1252(g) generally covers decisions to commence and pursue an immigration proceeding, including prosecutorial decisions regarding whether and when to initiate it. *See Jimenez-Angeles v. Ashcroft*, 291 F.3d 594, 599 (9th Cir. 2002) ("We construe § 1252(g) . . . to include not only a decision in an individual case whether to commence, but also when to commence, a proceeding.").

Quintero Maldonado's petition is barred by 8 U.S.C. § 1252(g) because he seeks judicial review of the DHS's discretionary decision to initiate a second removal proceeding, rather than reopen the earlier proceeding. Here, the DHS chose to initiate a proceeding in 2012 against Quintero Maldonado based upon his 1997 conviction for possession of methamphetamine after the 1997 proceeding was administratively closed. Whether the existence of the earlier proceeding was a factor

2

in the decision to initiate the 2012 proceeding is a question that goes to the heart of the DHS's discretion in commencing a proceeding. It is therefore shielded from review under § 1252(g). *See Barahona-Gomez*, 236 F.3d at 1119.

**PETITION DISMISSED**.